UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., SONY PICTURES RELEASING CORPORATION, DANJAQ, LLC, and UNITED ARTISTS CORPORATION, <br><br> Plaintiffs, <br><br> -against- <br><br> CAP KING, BILLA SINGH, ARLENE M. SMITH, DHARA BEAUTY SALON, EDWEN THOMAS, WIRELESS, MAMOUR LOW, BIANCA STORE INC. - #1 CELLULAR, ALPHA STORE, AFRICAN HAIR BARDING @ OCHO RIOS BEAUTY SALON, STEVE JOHNSON, FARMERS MARKET, and JOHN and JANE DOE Nos. 6 through 100, and XYZ COMPANY Nos. 8 through 100, <br><br> Defendants. | **MEMORANDUM & ORDER** <br><br> **08-CV-4461** |

-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs filed this action asserting claims against Defendants for copyright and trademark infringement in connection with the distribution of counterfeit motion pictures. (See Compl. (Docket Entry # 1).) On March 12, 2009, Plaintiffs moved for an entry of default. (See Request for Default (Docket Entry # 12).) The Clerk of Court declined to enter a notation of default. (See Docket Entry dated April 4, 2009.) Plaintiffs now ask this court to enter default judgment without a notation of default. (See Motion for Default (Docket Entry # 13).) For the following reasons, Plaintiffs' motion for default judgment is denied at this time.

1

## I. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. First, a plaintiff must obtain a default. Under Rule 55(a), the clerk must enter a notation of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Under Local Rule 55.1, "[a] party applying for a certificate of default by the clerk pursuant to Federal Rule of Civil Procedure 55(a) shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." S.D.N.Y. & E.D.N.Y. L. Civ. R. 55.1. Second, upon obtaining a notation of default, "a plaintiff must next seek a judgment by default under Rule 55(b)." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

## II. BACKGROUND

Plaintiffs filed their Complaint on November 5, 2008. (See Compl.) On March 12, 2009, Plaintiffs moved for an entry of default against the following Defendants: Cap King, Billa Singh, Arlene Smith, Dhara Beauty Salon, Edwen Thomas, Wireless, Mamour Lowe, Bianca Store Inc. - #1 Cellular, Alpha Store, African Hair Barding @ OCHO Rios Beauty Salon, Steve Johnson, and Farmers Market.[1] (See Request for Default 1-2.)

In support of their application for default, Plaintiffs' attorney David Wolf submitted an affirmation stating that he "delivered the summons and complaint and order to show cause" in this action to the United States Marshals Service. (Wolf Aff. (Docket Entry # 12) ¶ 2.)

---

[1] After Plaintiffs filed their motions for default and default judgment, Plaintiffs voluntarily dismissed Defendants Arlene Smith, Steve Johnson, and Farmers Market. (See Notice of Voluntary Dismissal (Docket Entry ## 17-18).)

According to Wolf, the "United States Marshals Service properly served the summons and complaint and orders to show cause on [Defendants]." (Id.) Wolf further affirmed that Defendants had not timely responded to Plaintiffs' Complaint and that Defendants are not infants, incompetent persons, and are not known to be in the military service. (Id. ¶ 4-5.) Plaintiffs also submitted seven return receipts from the United States Marshal as proof of service. The marshal returns indicate that the marshal delivered "documents" to some of the Defendants on November 11, 2008. (Id. Exs. A-G.) None of the marshal returns, however, indicate what documents were delivered. In a blank section calling for the "type of process" served, the returns only states "civil." (See id.)

> Following this submission, the docket sheet indicates that the court's judgment clerk:
>
> Spoke with plaintiff's attorney and stated to her that the defaults could not be noted because the documents submitted did not state that the S/C was served on the defendants. I told her that she should file or have the Process Server explain in an Affidavit if the Complaint was served on the defendants.

(Docket Entry dated April 8, 2009.) On June 16, 2009 and without further action, Plaintiffs moved for default judgment in this court.

## III. DISCUSSION

Proof of service may be established by a process server's affidavit or a return of service from a United States marshal or deputy marshal. Fed. R. Civ. P. 4(l)(1). "A process server's affidavit of service establishes a prima facie case of the account of the method of service . . . ." Garcia v. Maersk, Inc., No. 03-CV-5697 (FB), 2005 WL 1492380, at *3 (E.D.N.Y. June 24, 2005) (internal quotation marks omitted). A United States Marshal's return likewise constitutes prima facie evidence of the statements contained therein. See, e.g., Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 514 n.4 (3d Cir. 1971) (noting that a marshal's return is not conclusive evidence, but stands in the absence of proof to the contrary); accord Koninklijke Luchtvaart

Maat-schappij N.V. v. Curtiss-Wright Corp., 17 F.R.D. 49, 51 (S.D.N.Y. 1955) (accepting a marshal's "return and affidavit as a reliable account of what transpired"); cf. Metro. Theatre Co v. Warner Bros. Pictures, 16 F.R.D. 391, 392 (S.D.N.Y. 1954) ("marshal's return is not conclusive as to the facts recited therein").

Here, the marshal's returns do not indicate what particular documents the marshal served on Defendants. The returns only state that the marshal delivered "civil" process in the stated manner. This is insufficient to establish that the marshal served Defendants with a summons and complaint. Plaintiffs' attorney's affirmation is also insufficient to establish that the marshal served a summons and complaint. Plaintiffs' attorney was not present when the marshal served Defendants with "civil" documents. He has no personal knowledge about which particular documents the marshal served on Defendants. See Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

The Clerk of Court determined that Plaintiffs' submissions are insufficient to warrant entry of default. The court agrees. As the Plaintiffs have not supplied the Clerk or the court with any further information to remedy the deficiency in their proof of service, the court finds no basis to enter default itself. To establish proper service of process, Plaintiffs should submit additional evidence from the marshal's office stating which documents the marshal served on Defendants.[2] See S.D.N.Y. & E.D.N.Y. L. Civ. R. 55.1(3) (party requesting default must submit evidence that the unanswered pleading was properly served). Plaintiffs may then re-apply to the Clerk of Court for an entry of default and then to this court for default judgment.

---

[2] "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

4

## IV.  CONCLUSION

Accordingly, Plaintiffs motions for default and default judgment are denied at this time.

(See Docket Entry ## 12, 13.)

SO ORDERED.

                                              s/Nicholas G. Garaufis

Dated: Brooklyn, New York                 NICHOLAS G. GARAUFIS
      March 26, 2010                       United States District Judge